**BENCH SIGNS UNLIMITED, INC., Appellant,**

v.

**LAKE TOWNSHIP BOARD OF ZONING APPEALS, Appellee.**

[Cite as *Bench Signs Unlimited, Inc. v. Lake Twp. Bd. of Zoning Appeals,* 149 Ohio App.3d 462, 2002-Ohio-5436.]

Court of Appeals of Ohio,
Fifth District, Stark County.

No. 2002CA00096.

Decided Oct. 7, 2002.

Morganstern, MacAdams & DeVito Co., L.P.A., and Michael A. Partlow, for appellant.

Herbert & Benson, David L. Herbert and Kristine Beard, for appellee.

WISE, Judge.

{¶ 1} Appellant Bench Signs Unlimited, Inc. ("Bench Signs") appeals from the judgment of the Stark County Court of Common Pleas that affirmed the decision of the Lake Township Board of Zoning Appeals ("BZA"). The following facts give rise to this appeal.

{¶ 2} Appellant is in the business of placing "bench signs" at various locations throughout Stark County. Advertising for a local business is placed on the bench pursuant to a contract between appellant and the local business. On February 23, 1996, appellant entered into an advertising contract with the Stark Area Regional Transit Authority ("SARTA"). Pursuant to the terms of the contract, it

expired after five years. Thereafter, appellant placed more than eighteen benches within the jurisdiction of Lake Township, without applying for or receiving any zoning permits. All of the signs were placed in the road right-of-ways.

{¶ 3} On March 13, 2001, the Lake Township Zoning Inspector cited appellant with various violations of the zoning resolution. Appellant appeared before the board of zoning appeals on June 7, 2001. At this hearing, appellant argued that SARTA is a public utility and that pursuant to the terms of the contract with SARTA, appellant is an agent of SARTA and, therefore, as a public utility, is not subject to the advertising restrictions contained in the zoning resolution. An agent of SARTA appeared at this hearing and testified that the contract between appellant and SARTA had expired and had not been renewed. In response, appellant maintained that the contract had been renewed, by letter, after expiration of the contract. After hearing testimony, the board of zoning appeals held that appellant did not establish that it was an agent for a public utility and was therefore in violation of the zoning resolution.

{¶ 4} Appellant filed an administrative appeal on August 24, 2001. The trial court affirmed the decision of the board of zoning appeals on February 28, 2002. Appellant timely filed its notice of appeal and sets forth the following assignments of error for our consideration:

{¶ 5} "I. The trial court's decision was unsupported by the preponderance of substantial, reliable, and probative evidence.

{¶ 6} "II. The trial court erred, as a matter of law, by failing to recognize appellant's status as agents of a public utility who are not, therefore, subject to the Lake Township zoning ordinances.

{¶ 7} "III. The trial court's application of the zoning ordinances in question to the appellant's Bench Signs [sic] business is unconstitutional.

{¶ 8} "IV. The trial court erred by failing to find that Section 519.211(C) of the Ohio Revised Code does not provide township authorities the power to regulate the operation of local regional transit authorities on an unreasonable basis."

## Standard of Review

{¶ 9} Appellant appealed this matter pursuant to R.C. Chapter 2506. R.C. 2506.04 sets forth the applicable standard of review and provides as follows:

{¶ 10} "The court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or

modify the order, adjudication, or remand the cause to the officer or body appealed from with instructions to enter an order, adjudication or decision consistent with the findings or opinion of the court. The judgment of the court may be appealed by any party on questions of law as provided in the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505. of the Revised Code."

{¶ 11} The Ohio Supreme Court recently construed the above language in the case of *Henley v. Youngstown Bd. of Zoning Appeals* (2000), 90 Ohio St.3d 142, 147, 735 N.E.2d 433, and stated as follows:

{¶ 12} "[W]e have distinguished the standard of review to be applied by common pleas courts and courts of appeals in R.C. Chapter 2506 administrative appeals. The common pleas court considers the 'whole record,' including any new or additional evidence admitted under R.C. 2506.03, and determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence. See *Smith v. Granville Twp. Bd. of Trustees* (1998), 81 Ohio St.3d 608, 612, 693 N.E.2d 219, * * * citing *Dudukovich v. Lorain Metro. Hous. Auth.* (1979), 58 Ohio St.2d 202, 206–207, 12 O.O.3d 198, 389 N.E.2d 1113 * * *."

{¶ 13} Our standard of review to be applied in an R.C. 2506.04 appeal is "more limited in scope." *Kisil v. Sandusky* (1984), 12 Ohio St.3d 30, 34, 12 OBR 26, 465 N.E.2d 848. "This statute grants a more limited power to the court of appeals to review the judgment of the common pleas court only on 'questions of law,' which does not include the same extensive power to weigh 'the preponderance of substantial, reliable and probative evidence,' as is granted to the common pleas court." Id. at fn. 4. "It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court. * * * The fact that the court of appeals * * * might have arrived at a different conclusion than the administrative agency is immaterial. Appellate courts must not substitute their judgment for those of an administrative agency or a trial court absent the approved criteria for doing so." *Lorain City School Dist. Bd. of Edn. v. State Emp. Relations Bd.* (1988), 40 Ohio St.3d 257, 261, 533 N.E.2d 264. It is based upon this limited scope of review that we address appellant's assignments of error.

## I, II

{¶ 14} We will address appellant's first and second assignments of error simultaneously. In its first assignment of error, appellant maintains that the trial court's judgment is unsupported by the preponderance of substantial, reliable, and probative evidence as it had a valid and enforceable contract with

SARTA and, therefore, was an agent of SARTA. Appellant maintains, in its second assignment of error, that the trial court erred when it failed to recognize its status as an agent of a public utility who is not, therefore, subject to the Lake Township zoning ordinances. We disagree with both arguments.

{¶ 15} ·Even if we were to conclude that appellant had a valid contract with SARTA, this court has previously concluded that the exemption in R.C. 519.211(A)[1] runs only to the utility and, therefore, appellant cannot bootstrap into the protection of the statutory exemption by virtue of a contract with SARTA. See *Don Campbell, d.b.a. Bench Signs Unlimited v. Jackson Twp. Bd. of Zoning Appeals* (Feb. 20, 1996), Stark App. No. 1995CA00223, 1996 WL 74077, and *Don Campbell, d.b.a. Bench Signs Unlimited v. Plain Twp. Bd. of Zoning Appeals* (July 1, 1996), Stark App. No. 95 CA 0352, 1996 WL 488773.

{¶ 16} Appellant maintains that our previous decisions should not apply to this case because new language has been added to the contract with SARTA that this court has not previously considered. Specifically, appellant refers to paragraph two of the contract, which provides that appellant has full "authority to act as a limited agent of [SARTA], for the purpose of bench placement * * *." Further, appellant's limited authority includes acting as the "exclusive representative of [SARTA] for dealings with governmental authorities, bench area property owners and the general public concerning performance and operations under this Agreement."

{¶ 17} We also conclude that this argument lacks merit as appellant is merely attempting to rely on the language of a contract it drafted to bootstrap itself into the exemption provided by R.C. 519.211(A). However, pursuant to the statute, the exemption applies only to public utilities and railroads and does not mention the agents of such public utilities.

{¶ 18} Accordingly, appellant's first and second assignments of error are overruled.

### III

{¶ 19} Appellant maintains, in its third assignment of error, that the application of the zoning ordinances to the bench sign business is unconstitutional. We disagree.

---

1. "(A) Except as otherwise provided in division (B) or (C) of this section, sections 519.02 to 519.25 of the Revised Code confer no power on any board of township trustees or board of zoning appeals in respect to the location, erection, construction, reconstruction, change, alteration, maintenance, removal, use, or enlargement of any buildings or structures of any public utility or railroad, whether publicly or privately owned, or the use of land by any public utility or railroad, for the operation of its business."

{¶ 20} Commercial speech is afforded less constitutional protection than other constitutionally guaranteed expression. *United States v. Edge Broadcasting Co.* (1993), 509 U.S. 418, 426, 113 S.Ct. 2696, 125 L.Ed.2d 345. The United States Supreme Court, in the case of *Cent. Hudson Gas & Elec. Corp. v. Pub. Serv. Comm. of New York* (1980), 447 U.S. 557, 100 S.Ct. 2343, 65 L.Ed.2d 341, promulgated a four-part test for assessing governmental restrictions on commercial speech as distinguished from more fully protected speech. First, only commercial speech that is truthful and not misleading receives First Amendment protection. Second, a restriction on truthful, not misleading commercial speech must seek to implement a substantial governmental interest. Third, the restriction must directly advance the governmental interest involved. Fourth, the restriction must not be more extensive than necessary to serve that interest. *Central Hudson* at 564, 100 S.Ct. 2343, 65 L.Ed.2d 341.

{¶ 21} In the case sub judice, the truthfulness of the content of the bench signs is not at issue. The BZA maintains that its denial of permits for bench signs serves a substantial government interest by keeping the right-of-ways clear and the township aesthetically attractive, preventing obstruction of views and motorist distractions, and preventing the displacement of alternative uses for land. Courts have routinely upheld restrictions on commercial advertising signs in the interests of traffic safety and aesthetics. *Genesis Outdoor, Inc. v. Cuyahoga Hts.*, Cuyahoga App. No. 79781, 2002-Ohio-2141, 2002 WL 962959. Therefore, the restriction serves a substantial governmental interest.

{¶ 22} As to the third and fourth prongs of the *Central Hudson* case, the Supreme Court has noted that this analysis "basically involve[s] a consideration of the 'fit' between the legislature's ends and the means chosen to accomplish those ends." This fit, however, need not be perfect, but reasonable; one "that represents not necessarily the single best disposition but one whose scope is 'in proportion to the interest served,' * * * that employs not necessarily the least restrictive means but * * * a means narrowly tailored to achieve the desired objective." *Genesis Outdoor* at 4. The BZA has gone no further than is necessary in seeking to meet its ends by not prohibiting all commercial signs. It has merely prohibited advertising on bench signs. In order to maintain its claim that the zoning resolution in effect forbids outdoor advertising, appellant needed to establish that the BZA's decision prohibits all viable types of outdoor advertising, not just the use of bench signs. *Foster & Kleiser, Div. of Metromedia, Inc. v. Springfield Twp. Bd. of Zoning Appeals* (Feb. 12, 1986), Summit App. No. 12272, 1986 WL 2215, citing *Westfield Motor Sales Co. v. Town of Westfield* (1974), 129 N.J.Super. 528, 324 A.2d 113. There is no evidence, in the record, that the BZA has banned all types of outdoor advertising.

{¶ 23}  Accordingly, the trial court's application of the zoning ordinances to appellant's bench sign business was not unconstitutional.

{¶ 24}  Appellant's third assignment of error is overruled.

## IV

{¶ 25}  In its fourth assignment of error, appellant contends that the trial court erred when it failed to find that R.C. 519.211(C) does not provide township authorities the power to regulate the operation of local regional transit authorities on an unreasonable basis.  We disagree.

{¶ 26}  R.C. 519.211(C) provides as follows:

{¶ 27}  "Sections 519.02 to 519.25 of the Revised Code confer power on a board of township trustees or board of zoning appeals with respect to the location, erection, construction, reconstruction, change, alteration, maintenance, removal, use, or enlargement of any buildings or structures of a public utility engaged in the business of transporting persons or property, or both, or providing or furnishing such transportation service, over any public street, road, or highway in this state, and with respect to the use of land by any such public utility for the operation of its business, to the extent that any exercise of such power is reasonable and not inconsistent with Chapters 4901., 4903., 4905., 4909., 4921., and 4923. of the Revised Code. * * *"

{¶ 28}  Based upon the above section of the Revised Code, SARTA, as a public utility, is subject to reasonable regulation by the BZA.  We determined in the first and second assignments of error that appellant is not a public utility by virtue of its contract with SARTA.  Therefore, R.C. 519.211(C) does not apply, and appellant is subject to regulation by the BZA.

{¶ 29}  Appellants' fourth assignment of error is overruled.

{¶ 30}  For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.

Judgment affirmed.

GWIN, P.J., concurs.

EDWARDS, J., concurs separately.

EDWARDS, Judge, concurring.

{¶ 31}  I agree with the disposition of this case by the majority.

{¶ 32}  I write separately only as to the second assignment of error to make an additional point in support of our decision.  We have concluded in a prior case that the exemption in R.C. 519.211(A) runs only to the utility and not to its agent.

I would submit that even if it did run to an agent of the utility, it would run to the agent only for activities the public utility was designed for. In this case that may include placement of benches at bus stops, but it would not include private advertising on those benches.