OPINION
{¶ 1} Appellant Kevin Sivey appeals a judgment of the Court of Common Pleas of Stark County, Ohio, which affirmed the decision of the Alliance City Board of Health requiring appellant to remove all items of junk and rubbish from his property because the items constituted a nuisance. Appellant assigns a single error to the trial court:
 {¶ 2} "I. THE TRIAL COURT ERRED IN AFFIRMING THE DECISION OF THE ALLIANCE CITY BOARD OF HEALTH."
 {¶ 3} Appellee, the Alliance City Board of Health took action to abate an alleged nuisance on appellant's property at 850 Bonnieview, Alliance, Stark County, Ohio. Initially, on June 14, 2004, appellee sent a letter to appellant demanding removal of junk and rubbish located on the subject property. On July 7, 2004, appellee sent another letter notifying appellant he was not in compliance and scheduling a hearing on the matter for July 15, 2004. At the hearing, the health commissioner showed a video tape of the property taken on the previous day, and the health commissioner testified about the contact appellee had with appellant over the property. The health commissioner conceded the property had been cleaned up after the tape recording was made.
 {¶ 4} At the conclusion of the hearing appellee announced its decision to hire contractors to clean up the property. Another hearing was held on December 3, 2004, and appellee declared the property a public health nuisance.
 {¶ 5} Appellant appealed to the Court of Common Pleas. The court noted its review of an administrative appeal is normally confined to the transcript of the proceedings before the administrative body. However, if the record is deficient or incomplete, R.C. 2506.03 permits the trial court to conduct an evidentiary hearing and take any additional evidence any of the parties may wish to introduce. Thereafter, the court of common pleas conducts a de novo hearing, weighing the evidence to determine whether there is a preponderance of reliable, probative, and substantial evidence supporting the administrative body's decision, Judgment Entry of February 14, 2005, pages 1-2, citations deleted.
 {¶ 6} Our standard of reviewing the trial court's judgment is more limited. In Henley v. Youngstown Board of Zoning Appeals,90 Ohio St. 3d 142, 2000-Ohio-493, 735 N.E. 2d 433, the Ohio Supreme Court construed R.C. 2506.4, and held the statute gives courts of appeals the power to review judgments of the common pleas court only on questions of law and does not permit us to weigh the evidence, Henley at 147, citations deleted. See also Ohio Bench Signs Unlimited v. Lake TownshipBoard of Zoning Appeals, 149 Ohio App.3d 462, 2002-Ohio-5436, 777N.E.2d 912.
 {¶ 7} The trial court found R.C. 3707.01 gives a board of health authority to abate and remove all nuisances within its jurisdiction. The trial court cited Crown Property Development, Inc. v. Omega Oil Company
(1996), 113 Ohio App. 3d 647: "A public nuisance has been defined as the doing of or failure to do something that injuriously affects the safety, health, or morals of the public, or where some substantial annoyance, inconvenience, or injury to the public * * *" Judgment Entry of February 14, 2005, Pg. 2.
 {¶ 8} The trial court found the subject property could harbor rats and mosquitoes, and appellant acknowledged the shed structure is not sturdy and could injure someone. The trial court found there was a preponderance of reliable, probative, and substantial evidence to support appellee's decision.
 {¶ 9} We have reviewed the record, and we find the trial court did not err as a matter of law in affirming appellee's order.
 {¶ 10} The assignment of error is overruled.
 {¶ 11} For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
Gwin, J., Boggins, P.J., and Wise, J., concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed. Costs to appellant.