[Cite as *State v. Pillar*, 2012-Ohio-3926.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Julie A. Edwards, J. |
| -vs- | |
| | Case No. 2012 AP 01 0007 |
| MILES S. PILLAR | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:          Criminal Appeal from the New Philadelphia
                                                          Municipal Court, Case No.  CRB 0901001
                                                          A, B, C

JUDGMENT:                                      Affirmed


DATE OF JUDGMENT ENTRY:          August 24, 2012


APPEARANCES:

For Appellee                                       For Appellant

RONALD L. COLLINS                       MATTHEW P. MULLEN
DOVER CITY PROSECUTOR            KRUGLIAK, WILKINS, GRIFFITHS
714 North Wooster Avenue             & DOUGHERTY CO., LPA
Dover, Ohio  44622                         158 North Broadway
                                                          New Philadelphia, Ohio  44663

*Wise, J.*

{¶1}    Appellant Miles S. Pillar appeals his conviction, in the New Philadelphia Municipal Court, Tuscarawas County, on three counts of misdemeanor telecommunications harassment. Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.

{¶2}    Appellant is the owner of Red Hill Crane and Equipment Rental Company, located in Dover, Ohio. At some point in the fall of 2008, Ryan Weaver, owner of Affordable Tree Service, rented some heavy equipment from Red Hill to use in his business. A heated dispute thereafter arose between the two entities as to payment for the use of the equipment.

{¶3}    Appellant and some of Red Hill's employees sent repeated invoices to Weaver's business address, but Weaver did not respond. Appellant thereupon called Weaver via telephone once on August 7, 2009 and two times on August 10, 2009. Weaver refused to speak to appellant or any of the employees when the telephone calls were made. In fact, Weaver later testified that he told appellant during the first phone call not to call back. Tr. at 7.

{¶4}    Appellant again called Weaver on the morning of August 11, 2009. At that point, Weaver went to the Dover Police Department to make a complaint about appellant regarding the attempted debt collection. A Dover police officer contacted appellant and advised him to cease making the calls. Appellant nonetheless made at least three more calls to Weaver.

{¶5}    Appellant was thereafter charged with three counts of telecommunications harassment, in violation of R.C. 2917.21(A)(5). Appellant pled not guilty, and the case

proceeded to a bench trial before a magistrate on October 12, 2009. Appellant appeared pro se for the trial. The next day, the magistrate issued a decision finding appellant guilty on the three counts, and sentencing him, inter alia, to a 180-day suspended jail sentence with community control sanctions. Appellant thereupon retained counsel, and on October 29, 2009 filed an objection to the decision of the magistrate.

**{¶6}** On December 29, 2011, the trial court issued a judgment entry adopting the magistrate's decision finding appellant guilty on three counts of telecommunications harassment in violation of R.C. 2917.21(A)(5). The trial court specifically noted it was not persuaded by appellant's argument that the statute was overbroad and/or an infringement of free speech. Judgment Entry, December 29, 2011, at 2.

**{¶7}** On January 27, 2012, appellant filed a notice of appeal. He herein raises the following sole Assignment of Error:

**{¶8}** "I. THE TRIAL COURT ERRED IN ADOPTING THE MAGISTRATE'S DECISION AND ORDER REGARDING THE DEFENDANT-APPELLANT'S ALLEGED VIOLATION OF OHIO'S TELECOMMUNICATIONS HARASSMENT STATUTE, ORC § 2917.21, AS THE APPLICATION OF SAID STATUTE IS UNCONSTITUTIONALLY OVERBROAD, AND CONFLICTS WITH THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692.

I.

**{¶9}** In his sole Assignment of Error, appellant argues the trial court erred in finding him guilty of telecommunications harassment under R.C. 2917.21. We disagree.

**{¶10}** The statute in question provides in pertinent part as follows:

{¶11} "(A) No person shall knowingly make or cause to be made a telecommunication, or knowingly permit a telecommunication to be made from a telecommunications device under the person's control, to another, if the caller does any of the following:

{¶12} "***

{¶13} "(5) Knowingly makes the telecommunication to the recipient of the telecommunication, to another person at the premises to which the telecommunication is made, or to those premises, and the recipient or another person at those premises previously has told the caller not to make a telecommunication to those premises or to any persons at those premises."

*Exemption Under the Fair Debt Collection Practices Act*

{¶14} As an initial matter, we recognize that R.C. 2917.21(F) provides a defense for persons attempting to collect certain debts:

{¶15} "Nothing in this section prohibits a person from making a telecommunication to a debtor that is in compliance with the 'Fair Debt Collection Practices Act,' 91 Stat. 874 (1977), 15 U.S.C. 1692. ***"

{¶16} Although appellant in the case sub judice has not specifically presented his claims on a "sufficiency of the evidence" basis, we note in the interest of justice that the evidence at trial would not have warranted an application of the protection provided by R.C. 2917.21(F), supra, to the collection calls made or directed by appellant. The Fair Debt Collection Practices Act "governs the collection of *consumer debts*, which are defined at 15 U.S.C.A. Sec. 1692a as 'any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property,

insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.'" *State Dept. of Taxation v. Diefenbaugh*, Lucas App.No. L-07-1056, 2007-Ohio-5996, ¶ 13 (emphasis added). Appellant does not herein dispute that his actions at issue were those of a business owner attempting to collect on a commercial debt, rather than a consumer debt. See Appellant's Brief at 8. Hence, appellant cannot rely on the FDCPA in this context.

### *Constitutionality of R.C. 2917.21*

**{¶17}** We therefore turn our attention to appellant's constitutional argument. An analysis of such a challenge to a duly-enacted statute generally begins with the basic premise that acts of the Ohio General Assembly enjoy a strong presumption of constitutionality. *See State v. Eichorn,* Morrow App. No. 02CA953, 2003–Ohio–3415, ¶ 23, citing *State v. Gill* (1992), 63 Ohio St.3d 53, 55, 584 N.E.2d 1200. Laws which regulate constitutionally protected conduct, including freedom of speech, must be precisely constructed to target or address the exact source of the legislative concern at issue. *See State v. Woodbridge,* 153 Ohio App. 3d 121, 125-26, 791 N.E.2d 1035, 2003-Ohio-2931, citing *Painesville Bldg. Dept. v. Dworken & Bernstein Co., L.P.A.,* 89 Ohio St. 3d 564, 568, 733 N.E.2d 1152, 2000-Ohio-488. However, commercial speech is afforded less constitutional protection than other constitutionally guaranteed expression. *Bench Signs Unlimited, Inc. v. Lake Twp. Bd. of Zoning Appeals*, 149 Ohio App.3d 462, 777 N.E.2d 912, 2002-Ohio-5436, ¶ 19, citing *United States v. Edge Broadcasting Co.* (1993), 509 U.S. 418, 426, 113 S.Ct. 2696, 125 L.Ed.2d 345. The United States Supreme Court, in the case of *Cent. Hudson Gas & Elec. Corp. v. Pub.*

*Serv. Comm. of New York* (1980), 447 U.S. 557, 100 S.Ct. 2343, 65 L.Ed.2d 341, promulgated a four-part test for assessing governmental restrictions on commercial speech as distinguished from more fully protected speech. First, only commercial speech that is truthful and not misleading receives First Amendment protection. Second, a restriction on truthful, not misleading commercial speech must seek to implement a substantial governmental interest. Third, the restriction must directly advance the governmental interest involved. Fourth, the restriction must not be more extensive than necessary to serve that interest. *See Central Hudson* at 564, 100 S.Ct. 2343, 65 L.Ed.2d 341.

{¶18} The legislative intent behind R.C. 2917.21 has been recognized as advancing a legitimate state interest in protecting citizens from unwanted intrusions into their privacy. *See State v. Rettig,* Henry App.Nos. 7-91-14, 7-91-15, 1992 WL 19326. Upon review of the language of R.C. 2917.21(A)(5), we find the General Assembly, in seeking to protect the privacy rights of citizens, including alleged debtors, has not unduly restricted the exercise of commercial speech by creditors seeking to collect on accounts via telephonic communication. Under subsection (A)(5), no criminal culpability even attaches in making such calls unless the claimed debtor or person at the premises has told the creditor not to make calls to the debtor's premises or to any persons at the premises. Moreover, even where the creditor has been so advised not to call, nothing in the statute prevents the creditor from communicating about or collecting on the claimed commercial debt by non-telecommunicative legal means. We further note that at least two other appellate courts in Ohio have determined that R.C. 2917.21(A)(5) is not

unconstitutionally overbroad. *See Rettig*, *supra*; *State v. Gibbs* (1999), 134 Ohio App.3d 247, 730 N.E.2d 1027 (Clermont County).

{¶19} We are not herein persuaded that R.C. 2917.21(A)(5) is unconstitutionally overbroad or in conflict with the FDCPA. Appellant's sole Assignment of Error is therefore overruled.

{¶20} For the foregoing reasons, the decision of the New Philadelphia Municipal Court, Tuscarawas County, Ohio, is hereby affirmed.


By: Wise, J.

Gwin, P. J., and

Edwards, J., concur.


_____


_____


_____

                                        JUDGES

JWW/d 0724

IN THE COURT OF APPEALS FOR TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO                                 :
                                              :
    Plaintiff-Appellee                     :
                                              :
-vs-                                          :                JUDGMENT ENTRY
                                              :
MILES S. PILLAR                               :
                                              :
    Defendant-Appellant                    :                Case No. 2012 AP 01 0007


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the New Philadelphia Municipal Court, Tuscarawas County, Ohio, is affirmed.

Costs assessed to appellant.


_____


_____


_____

                               JUDGES