[Cite as *Bench Billboard Co. v. Cincinnati*, 2016-Ohio-1040.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| BENCH BILLBOARD CO., | : | APPEAL NO. C-150329 |
| | | TRIAL NO. A-1400557 |
| Plaintiff-Appellant, | : | |
| vs. | : | *O P I N I O N.* |
| | : | |
| CITY OF CINCINNATI, | | |
| Defendant-Appellee. | : | |


Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appeal From Is:  Affirmed

Date of Judgment Entry on Appeal:  March 16, 2016


*Dinsmore & Shohl, LLP*, and *Eric Holzapfel*, for Plaintiff-Appellant,

*Paula Boggs Muething*, City Solicitor, and *Shuva J. Paul*, Assistant City Solicitor, for Defendant-Appellee.


Please note:  this case has been removed from the accelerated calendar.

Per Curiam.

{¶1}   Plaintiff-appellant Bench Billboard Company ("BBC") appeals the trial court's entry overruling its objections and adopting the magistrate's decision affirming the decision of the administrative hearing officer to uphold 55 notices of civil offenses ("notices") that the city of Cincinnati ("City") had issued to BBC for advertising benches located in the public right-of-way in the Westwood area of Cincinnati.  The trial court also found the City's actions did not violate BBC's right to free speech under the First Amendment or its rights to equal protection under the Fourteenth Amendment to the United States Constitution.  We affirm.

### Factual and Procedural Posture

{¶2}   BBC provides advertising on the backrests of park benches throughout the City.  In October 2013, the City, after receiving multiple citizen complaints, began investigating whether BBC's benches complied with the Cincinnati Municipal Code. Inspectors for the City's Department of Transportation and Engineering determined that 55 park benches BBC owned in the Westwood area of the City that were located in the right-of-way failed to comply with Cincinnati Municipal Code 723-7, which concerns the use regulations for streets and sidewalks.

{¶3}   Cincinnati Municipal Code 723 was amended in December 2009 by Ordinance No. 363-2009 to set forth a new regulatory scheme for park benches, planters, sandwich board signs, mailboxes, newsracks, retail sidewalk displays, bus stop shelters, outdoor dining areas, kiosks, sidewalk vending, awnings, marquees, and projecting signs, with the stated purpose being, among other things:

7. To maintain and protect the value of the surrounding properties;

2

12. To maintain the aesthetic qualities of city neighborhoods and business districts by requiring structures placed within the rights-of-way to adhere to certain aesthetic and structural requirements;

13. To maintain the public rights-of-way in a manner that limits advertising on structures in order to reduce visual distraction and clutter so as to protect pedestrian and traffic safety as well as improve the aesthetic qualities of city business districts and neighborhoods;

14. To regulate the placement of structures within rights-of-way in order to protect public safety and ensure adequate clearance for pedestrian traffic.

The ordinance took effect on January 16, 2010, although certain provisions regarding bus-shelter advertising did not take effect until January 1, 2013. *See* Cincinnati Municipal Code 723-13.

{¶4}   Cincinnati Municipal Code 723-7 codifies a number of requirements relating to benches set forth in Ordinance No. 363-2009. Among other things, it requires the owners of benches in the right-of-way to apply for revocable street privileges from the City, to secure the benches to the ground, to comply with the City's design standards (or be approved by the Urban Design Review Board), to refrain from placing advertising on the benches, and to maintain liability insurance in an amount not less than $1,000,000 with the City named as an additional insured. *See* Cincinnati Municipal Code 723-7 (c)(2),(3),(4), (d), and (f).

{¶5}   On October 21, 2013, the City issued 55 notices to BBC, one for each bench located in the right-of-way. The notices informed BBC that it was being fined

$200 per bench for violating Cincinnati Municipal Code 723-7. BBC requested a hearing before the City's hearing examiner.

{¶6} At the hearing, the City presented testimony from Keith Pettit, who supervises the Department of Transportation and Engineering's Sidewalk Safety Program, and the three inspectors in the department who had cited BBC for the benches. They testified to the violations of Cincinnati Municipal Code 723-7. BBC did not dispute the violations. Instead, it argued that the benches qualified as a lawful nonconforming use based on the City's previous issuance of permits permitting BBC to place the benches in the right-of-way.

{¶7} When questioned about the permits, Pettit testified that he had looked into the permits produced by BBC and, according to the City's records, any permits that had been issued to BBC prior to the passage of Ordinance No. 363-2009 were no longer valid. He further testified that BBC had been notified by letter that any revocable street privileges that existed prior to March 14, 2008, would also not be valid, and that none of the permits BBC had produced had met the requirements for issuing a revocable street privilege. Pettit further testified that revocable street privileges had been in existence for ten years. According to Pettit, the City had issued BBC permits for the construction of the benches in the right-of-way, and BBC had to apply for revocable street privileges to permit the benches to remain in the right-of-way.

{¶8} The hearing examiner upheld all 55 notices, finding that BBC's permits did not relieve it of its obligation to comply with Cincinnati Municipal Code 723-7, including its obligation to apply for revocable street privileges. The hearing examiner noted in his decision that the City had expressly informed BBC by letter that all

existing revocable street privileges for advertising benches had expired and that BBC would need to apply for new revocable street privileges. Despite such notice, however, BBC had not applied for these privileges.

{¶9} BBC appealed to the common pleas court pursuant to R.C. 2506.01. It argued that its benches were a nonconforming use. BBC also argued that the City's prohibition of advertising on the benches violated its First Amendment rights to commercial speech and that its differing treatment of BBC's benches from news racks and bus shelters located in the right-of-way violated its right to equal protection under the Fourteenth Amendment to the United States Constitution.

{¶10} BBC's appeal proceeded before a magistrate. The magistrate, applying the standard of review for administrative appeals set forth in R.C. 2506.04, determined that the hearing examiner's decision upholding the notices was "not unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence." BBC objected to the magistrate's decision, arguing only that its City-issued permits relieved it of any obligation to apply for revocable street privileges and that its benches were nonconforming uses. BBC did not challenge the magistrate's treatment of its constitutional claims.

{¶11} The common pleas court overruled BBC's objections, adopted the magistrate's decision, and entered judgment for the City. In so doing, the trial court expressly noted that BBC had not secured its benches to the ground, had not provided any proof of insurance for its benches, and had not complied with any design-related requirements.

### *BBC's Permits*

{¶12} In its first assignment of error, BBC argues the trial court erred in holding that the permits the City had issued to BBC were revocable. In its second assignment of error, BBC argues that the trial court's finding that the permits were revocable is against the manifest weight of the evidence. Because these assignments of error are interrelated, we address them together.

{¶13} R.C. 2506.04, which prescribes the standard of review for administrative appeals, provides that:

> [i]f an appeal is taken in relation to a final order, adjudication, or decision covered by division (A) of section 2506.01 of the Revised Code, the court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from with instructions to enter an order, adjudication, or decision consistent with the findings or opinion of the court. The judgment of the court may be appealed by any party on questions of law as provided in the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505 of the Revised Code.

{¶14} As an appellate court reviewing an administrative appeal brought pursuant to R.C. 2506.04, we are confined to reviewing questions of law, which does not include the same power to weigh "the preponderance of substantial, reliable, and

6

probative evidence," as is granted to the common pleas court. *Kisil v. Sandusky*, 12 Ohio St.3d 30, 34, 465 N.E.2d 848 (1984). The Ohio Supreme Court has held that while

> it is incumbent on the trial court to examine the evidence [in an administrative appeal] such is not the charge of the appellate court. * * * The fact that the court of appeals might have arrived at a different conclusion than the administrative agency is immaterial. Appellate courts must not substitute their judgment for those of an administrative agency or a trial court absent the approved criteria for doing so.

*Lorain City School Dist. Bd. of Edn. v. State Emp. Relations Bd.*, 40 Ohio St.3d 257, 261, 533 N.E.2d 264 (1988).

{¶15} Citing a portion of Pettit's testimony before the hearing examiner, BBC argues that the trial court erred in finding the permits were revocable, because this finding was "against the manifest weight of the evidence." BBC, in essence, asks this court to reweigh the evidence before the trial court, which is not within our province. For that reason, BBC's second assignment of error is not well-taken.

{¶16} BBC's first assignment of error is also not well taken as it proceeds from an incorrect premise. Neither the magistrate, nor the trial court held that BBC's permits were revocable. Rather, the magistrate simply stated, that "Nearly all BBC's permits state they are 'revocable' at any time and most expired after 24 hours, implying the permits allowed for the construction of the benches and nothing more." The trial court, similarly commented on the permits in its letter decision, without reaching the question of whether the permits were revocable. Because the trial court did not need to reach this issue to uphold the citations in this case, we decline to

7

address the issue on appeal. We, therefore, overrule BBC's first and second assignments of error.

### BBC's Forfeiture of its Constitutional Claims

{¶17}  In its third and fourth assignments of error, BBC argues the trial court erred as a matter of law by ruling that the City's actions relating to BBC's benches did not violate BBC's First Amendment free-speech rights or its Fourteenth Amendment right to equal protection. BBC argues that the City's prohibition of advertising on the benches violated its First Amendment rights to commercial speech and that its differing treatment of BBC's benches from news racks and bus shelters located in the right-of-way violated its right to Equal Protection under the Fourteenth Amendment to the United States Constitution.

{¶18}  But as the City points out, BBC did not object to the magistrate's decision with respect to either constitutional issue. Civ.R. 53(D)(3)(b)(iv) provides that in a matter referred to a magistrate

> except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any findings of fact or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii) unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b).

{¶19}  BBC's failure to object to the magistrate's legal conclusions regarding its constitutional claims has forfeited all but plain error.  Based upon our review of the record and the case law, we cannot conclude that the magistrate's resolution of BBC's First Amendment and equal-protection claims rise to the level of plain error. *See Goldfuss v. Davidson*, 79 Ohio St.3d 116, 679 N.E.2d 1099 (1976) (holding that

plain error is limited to "those extremely rare cases where exceptional circumstances require its application to prevent a manifest miscarriage of justice and where the error, if uncorrected would have a material adverse effect upon on the character of, and public confidence in judicial proceedings").

{¶20} The magistrate, in rejecting BBC's equal-protection claim, followed the reasoning in *Bench Billboard Co. v. Cincinnati*, 675 F.3d 974, 986 (6th Cir.2012), where the Sixth Circuit rejected a similar equal-protection claim by BBC against the City on the basis that BBC was not similarly situated to other entities whose structures bore advertising that were located in the right-of-way. We cannot conclude the magistrate committed plain error in rejecting BBC's equal-protection claim.

{¶21} Similarly, the magistrate found BBC had not demonstrated that it was harmed by the ban on advertising given its other violations of Cincinnati Municipal Code 723-7. The trial court, in ruling on the objections, stated the City's enforcement of the ordinance did not create a First Amendment violation. In *Bench Billboard Co. v. Covington*, 465 Fed.Appx. 395, 406 (6th Cir.2012), the Sixth Circuit rejected a First Amendment claim brought by BBC against the city of Covington, which was similar to the First Amendment claim BBC asserts in this case. The Sixth Circuit held that because Covington had a substantial interest in maintaining the right-of-way, its ordinance banning sidewalk benches in the right-of-way was directly related to the purpose of the ordinance, and because BBC and its customers remained free to advertise their causes by other means, BBC's First Amendment rights were not violated. *Id.* at 406-407. Similarly, in *Bench Signs Unlimited, Inc. v. Lake Twp. Bd. of Zoning Appeals,* 149 Ohio App.3d 462, 2002-Ohio-5436, 777 N.E.2d 912 (5th

9

Dist.), the Fifth Appellate District rejected a First Amendment challenge by a bench-advertising company to zoning citations for its placement of bench-advertising signs in the right-of-way where the restrictions on the commercial-advertising-bench signs advanced the township's interest in traffic safety and aesthetics. *See Genesis Outdoor, Inc. v. Village of Cuyahoga Hts.*, 8th Dist. Cuyahoga No. 79781, 2002-Ohio-2141, ¶ 24-29 (holding that an outdoor-advertising company's First Amendment rights were not violated by a village ordinance limiting the number of billboards and restricting their placement to one side of the freeway, because the village had a substantial interest in reducing visual clutter and reducing traffic accidents). Given our review of the record and the foregoing case law, we cannot say the magistrate's legal conclusions with respect to BBC's First Amendment claim rose to the level of plain error. We, therefore, overrule BBC's third and fourth assignments of error.

### BBC's Benches are Not Valid Nonconforming Uses

{¶22} In its fifth assignment of error, BBC argues the trial court ignored applicable state and local law in determining that its benches did not qualify as nonconforming uses.

{¶23} A nonconforming use is one "which was lawful prior to the enactment of a zoning ordinance and which use may be continued after the effective date of the ordinance even though it does not comply with the applicable use restrictions." *C.D.S., Inc. v. Gates Mills*, 26 Ohio St.3d 166, 168, 497 N.E.2d 295 (1986). The magistrate found that BBC's permits at most showed that its benches were permitted to be constructed in the right of way, but "they are not evidence that the benches are

lawfully in the right-of-way or that the City intended the benches to be exempt from the new regulations."

{¶24}   BBC argues, nonetheless, that the facts in this case are similar to a lawsuit BBC brought against the city of Columbus in the 1980s.  *See Bench Billboard Co. v. Columbus*, 63 Ohio App.3d 421, 579 N.E.2d 240 (10th Dist.1989).  In that case, the court found that Columbus city inspectors were wrong to remove BBC's benches from the right-of-way because the Columbus City Council had expressly grandfathered existing advertising benches into the new ordinance prohibiting "graphics" in the right-of-way.  *Id.* at 427.  Here, however, the magistrate found, and we agree, that the Columbus case is distinguishable, because there is no evidence that Cincinnati City Council, in passing Ordinance No. 363-2009, which prohibits advertising in the right-of-way, included any grant of nonconforming-use status to existing advertising benches in the right-of-way.

{¶25} Likewise, whether BBC enjoys nonconforming-use status under the zoning code is not relevant to whether BBC violated Cincinnati Municipal Code 723-7.  Cincinnati Municipal Code 723-7 is not a zoning ordinance and BBC was not cited for violating the zoning code.  BBC does not own the land under the offending benches in this case, as they are located in the public right-of-way.  BBC was merely a licensee, who paid a fee to place its benches in the right-of-way.  Even if we were to assume that BBC's permits granted it a nonconforming use, the Ohio Supreme Court has held that

> both conforming and nonconforming uses are subject to the
> ordinances and regulations of a police nature predicated upon
> protection of the public health, safety, welfare, and general good. An

11

owner of property does not acquire immunity against the exercise, by a municipality, of its police power, because such owner began his original operation or use of property in full compliance with existing laws.

*C.D.S., Inc.,* 26 Ohio St.3d at 169, 497 N.E.2d 295.

Here, one of the City's stated purposes in amending Cincinnati Municipal Code 723 was "to regulate the placement of structures within rights-of-way in order to protect public safety and ensure adequate clearance for pedestrian traffic."

{¶26} Consequently, we cannot conclude the trial court erred in ruling that BBC's permits did not relieve it of its obligation to comply with the regulations in Cincinnati Municipal Code 723-7 governing benches in the right-of-way. We, therefore, overrule BBC's fifth assignment of error and affirm the judgment of the trial court.

Judgment affirmed.

FISCHER, P.J., HENDON and CUNNINGHAM, JJ.

Please note:

The court has recorded its own entry on the date of the release of this opinion.