[Cite as *Cincinnati v. Bench Billboard Co.*, 2019-Ohio-362.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| CITY OF CINCINNATI, | : | APPEAL NOS. C-170668 |
| | | C-170690 |
| Plaintiff-Appellee, | : | TRIAL NO. A-1604872 |
| | | |
| vs. | : | *O P I N I O N.* |
| | | |
| BENCH BILLBOARD COMPANY, | : | |
| | | |
| Defendant-Appellant. | : | |

Civil Appeals From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  February 6, 2019

*Paula Boggs Muething,* City Solicitor, *Shuva J. Paul* and *Anne M. Smith*, Assistant City Solicitors, for Plaintiff-Appellee.

*Dinsmore & Shohl L.L.P.* and *Eric C. Holzapfel*, for Defendant-Appellant,

**ZAYAS, Judge.**

### Background

{¶1}   Bench Billboard Company ("BBC") appeals the trial court's judgment granting partial summary judgment and ordering BBC to pay fines, penalties and costs for 55 violations of Cincinnati Municipal Code 723-7. Those violations were upheld by this court in *City of Cincinnati v. Bench Billboard Co.*, 2016-Ohio-1040, 62 N.E.3d 603 (1st Dist.) ("*Bench Billboard I*"). BBC also appeals the trial court's grant of summary judgment upholding 75 additional citations, the denial of BBC's counterclaims, and its order that BBC pay a total of $68,000 for all 130 violations. For the following reasons, we affirm the judgment of the trial court.

{¶2}   BBC is a company that provides advertising benches, often near bus stops, on city property. BBC had been issued permits by the city to place benches on sidewalks and rights-of-way as early as 1996. In December of 2009, the city amended Cincinnati Municipal Code 723-7. That ordinance places restrictions on park benches, planters, news racks, outdoor dining areas, and other items located on city sidewalks. One of the goals of the new ordinance was to regulate the placement of structures in the rights-of-way to protect public safety and to ensure adequate clearance for pedestrian traffic.

{¶3}   Amended Cincinnati Municipal Code 723-7 requires owners of benches in the rights-of-way, like BBC, to apply for revocable street privileges from the city, secure the benches to the ground, comply with the city's design standards, refrain from placing advertising on the benches, and provide proof of liability insurance of at least $1 million with the city named as an additional insured. BBC did not comply with any of these requirements. In October 2013, after receiving citizen complaints, the city issued 55 citations to BBC for violating the ordinance and removed the

benches from the rights-of-way. This court held in *Bench Billboard I* that BBC's permits did not relieve it of its obligation to comply with the regulations in Cincinnati Municipal Code 723-7.

{¶4} Following this court's decision, the city of Cincinnati filed a complaint in the trial court to collect unpaid fines, costs and penalties in the amount of $68,000. BBC answered and pleaded 11 counterclaims. The city moved for partial summary judgment in the amount of $27,500 plus interest and costs for the 55 original violations. The trial court, relying on this court's decision in *Bench Billboard I*, granted partial summary judgment on the 55 original citations finding that the validity of those was res judicata because of our holding in *Bench Billboard I*. The city then moved for summary judgment on the remaining 75 citations. The trial court granted the city's motion, denied BBC's counterclaims, and entered a final judgment for $68,000.

{¶5} In this appeal, BBC presents one assignment of error asserting that the trial court erred in granting the city's motion for partial summary judgment for payment of the fines, penalties, and costs for the original 55 violations, and in granting the city's motion for summary judgment on all claims and amended counterclaims for the 75 additional violations. BBC presents eight issues for review.

### Claim Preclusion

{¶6} There are two versions of res judicata. Claim preclusion prevents subsequent actions between the same parties based on claims arising out of the transaction that was the subject of a previous action. Issue preclusion bars relitigation of an issue that was actually and necessarily litigated and determined in a prior action based on a different cause of action. *See Wright v. Heller*, 2018-Ohio-

3

149, 102 N.E.3d 1285, ¶ 21 (1st Dist.); *O'Nesti v. DeBartolo Realty Corp.*, 113 Ohio St.3d 59, 2007-Ohio-1102, 862 N.E.3d 803, ¶ 6.

{¶7}  Claim preclusion requires proof of four elements: (1) a prior valid judgment on the merits; (2) the second action involves the same parties as the first action; (3) *the present action raises claims that were or could have been litigated in the prior action*; and (4) both actions arose out of the same transaction or occurrence. (Emphasis added.)  *Wright* at ¶ 22.

### Claims That Were Litigated

{¶8}  Three of the arguments presented by BBC have been addressed in this court's decision in *Bench Billboard I*.  BBC first alleges that the city issued it permits, not revocable street privileges, to place advertising benches at bus stops in Cincinnati.  BBC contends that its permits could not be summarily revoked, had not been revoked, and remained valid.  In *Bench Billboard I* this court held that the trial court did not need to determine whether the permits were revocable, because BBC had not complied with other requirements of the ordinance.  Hence, the revocability of the permits was not an issue that the trial court needed to address to uphold the citations.  *Bench Billboard I*, 2016-Ohio-1040, 62 N.E.3d 603, at ¶ 16.

{¶9}  BBC next argues that the removal of the benches violated BBC's free speech as guaranteed by the First Amendment and its right to Equal Protection under the Fourteenth Amendment.  Both of these arguments were assigned as error in *Bench Billboard I* but, as BBC had not objected to the magistrate's decision regarding these constitutional issues, this court could only review for plain error. *Bench Billboard I* at ¶ 18.  In *Bench Billboard I*, this court analyzed several cases involving bench-advertising companies, including two involving BBC, and held that a city has a substantial interest in maintaining its rights-of-way, and a ban on

4

sidewalk-advertising benches was directly related to that purpose. In addition, BBC and its customers were able to advertise in other ways, so its First Amendment rights were not violated. *Bench Billboard I* at ¶ 21; s*ee Bench Billboard Co. v. Covington*, 465 Fed.Appx. 395, 406 (6th Cir.2012).

{¶10} As for BBC's claim that its equal-protection rights were violated, this court relied on the Sixth Circuit's rejection of BBC's same argument in that court, which found that BBC's benches were not similarly situated to other advertising structures located in rights-of-ways. *Bench Billboard Co. v. Cincinnati*, 675 F.3d 974, 986 (6th Cir.2012).

{¶11} These three arguments presented by BBC were addressed by this court's decision in *Bench Billboard I* and cannot be relitigated. "[A] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 382, 653 N.E.2d 226 (1995). These BBC claims are barred by claim preclusion, which "is a complete bar to any subsequent action on the same claim or cause of action between the same parties or those in privity with them." *Id.*

### Claims that Could Have Been Litigated

{¶12} Res judicata also bars us from considering BBC's next four arguments because claim preclusion extinguishes a claim even though a party "present[s] evidence or grounds or theories of the case not presented in the first action * * *." *Stand Energy Corp. v. Ruyan*, 1st Dist. Hamilton No. C-050004, 2005-Ohio-4846, ¶ 12. BBC alleged, for the first time in the case below, that the city had the burden of proof to establish that there was no First Amendment violation, the city's removal of the benches was conversion, the city had tortiously interfered with BBC's contracts

with its customers, and the city did not have immunity from these claims against it. All of these claims, however, are barred because BBC could have brought them in the first lawsuit and "[t]he doctrine of res judicata requires a plaintiff to present every ground for relief in the first action, or be forever barred from asserting it." *Grava* at 382, quoting *Rogers v. Whitehall*, 25 Ohio St.3d 67, 69, 494 N.E.2d 1387 (1986). This court's decision in *Bench Billboard I* upheld the final judgment between these same parties and was "conclusive as to all claims which were or *might have been* litigated in a first lawsuit." (Emphasis sic.) *Id.*

### Standing

{¶13} BBC's final argument is that it has standing to assert its claims against the city. The trial court found that BBC lacked standing to bring its free-speech, equal-protection, and vested-property-rights claims. This court previously determined in *Bench Billboard I* that BBC was a licensee with no vested property rights. *Bench Billboard I* at ¶ 25. As for BBC's constitutional arguments, in Ohio, standing to bring a constitutional claim requires a plaintiff to show that he "suffered (1) an injury that is (2) fairly traceable to the defendant's allegedly unlawful conduct, and is (3) likely to be redressed by the requested relief." *Moore v. City of Middletown*, 133 Ohio St.3d 55, 2012-Ohio-3897, 975 N.E.2d 977, ¶ 22, citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

{¶14} The trial court found that BBC had not complied with any of the requirements of Cincinnati Municipal Code 723-7, because it had not secured its benches to the ground, failed to comply with the design requirements, and did not provide the city the necessary proof of insurance. Assuming that BBC otherwise had standing to assert its freedom-of-speech and equal-protection claims, BBC's injury could not be redressed because its benches could not remain in the city's rights-of-

6

way due to its noncompliance with the requirements of Cincinnati Municipal Code 723-7. *See City of Cincinnati v. Fourth Natl. Realty, L.L.C.*, 2017-Ohio-1523, 88 N.E.3d 1278, ¶ 36 (1st Dist.).

{¶15} Therefore, BBC's sole assignment of error is overruled and the judgment of the trial court is affirmed.

Judgment affirmed.

**CUNNINGHAM, P.J.,** and **MILLER, J.,** concur.

Please note:

This court has recorded its own entry on the date of the release of this opinion.