[Cite as *Schneider v. Cuyahoga Cty. Bd. of Commrs.*, 2017-Ohio-1278.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 103647**

# WILLIAM D. SCHNEIDER, ET AL.

PLAINTIFFS-APPELLANTS

vs.

# CUYAHOGA COUNTY BOARD OF COUNTY COMMISSIONERS, ET AL.

DEFENDANTS-APPELLEES

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-10-717610

**BEFORE:** E.T. Gallagher, J., Kilbane, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** April 6, 2017

**ATTORNEY FOR APPELLANTS**

Avery S. Friedman
Avery S. Friedman & Associates
701 The City Club Building
850 Euclid Avenue
Cleveland, Ohio 44114


**ATTORNEYS FOR APPELLEES**

Michael C. O'Malley
Cuyahoga County Prosecutor

BY:    Dale F. Pelsozy
          Jennifer Meyer
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN T. GALLAGHER, J.:

{¶1} Plaintiffs-appellants, William D. Schneider, et al. (collectively "appellants"), appeal from the judgment of the Cuyahoga County Court of Common Pleas granting summary judgment in favor of defendants-appellees, the Cuyahoga County Board of County Commissioners, et al. [1] ("collectively the "BOCC").  Appellants raise the following assignments of error for our review:

> 1.  The exhaustion of administrative remedies by the plaintiffs became a futile act in that the decision-makers were participants in the reversal of granting early retirement benefits to all county workers except the plaintiffs who were originally granted benefits by the defendants.
>
> 2.   The trial court committed reversible error in granting summary judgment to defendant-appellees when evidence established a multitude of genuine issues of material fact.
>
> 3.   The trial court committed reversible error in granting summary judgment by apparently disregarding the fact that defendants-appellees reversed themselves by first granting ERIP benefits, then denying ERIP benefits.   The reversal establishes an issue of material fact.
>
> 4.   The trial court committed reversible error in granting summary judgment by apparently disregarding the fact of historical grants of senior SED employee participation in ERIP benefits prior to their complaining about corruption by county officials.

---

[1]   We note that the BOCC has since been replaced by the Cuyahoga County Council.   At oral arguments, the parties were notified that a current member of the Council is related to a panel judge.   The panel judge disclosed, pursuant to Ohio Code of Judicial Conduct Rule 2.11(C), her relationship with the Council member and stated that she could perform an independent, fair, and impartial review of the legal issues presented in this case. Counsel for appellants and the BOCC each indicated that they waived disqualification and had no objection to the panel member's participation in the proceeding.

5. The trial court committed reversible error in granting summary judgment by relying on an affidavit of the attorney for defendants-appellees in determining that no genuine issues of material fact existed even though plaintiffs-appellants submitted evidence to the contrary.

6. The trial court committed reversible error in granting summary judgment by apparently relying on an excerpt of a different proceeding which included the partial testimony of an OPERS employee unrelated to the factual information and controversy involved in this case.

{¶2} After careful review of the record and relevant case law, we affirm the trial court's judgment.

## I.   Procedural History

{¶3}   On November 6, 2008, the BOCC passed a resolution establishing a county-wide Early Retirement Incentive Program ("ERIP") in an effort to combat budgetary concerns. As written, the ERIP excluded only one county agency, the Sanitary Engineering Division ("SED").  The SED is a subdivision of the BOCC, created and maintained by the BOCC as an operating division of the County Engineer's Office.  But the BOCC created a separate employing unit called the "BOCC, excluding the SED" specifically for the ERIP.

{¶4} Pursuant to the ERIP's grievance procedure, SED employees, including appellants, filed a grievance on behalf of all SED employees regarding the BOCC's decision to exclude them from participation in the ERIP.  SED employees suggested that the BOCC's decision to "revoke" SED's participation in the ERIP was made in retaliation to certain complaints raised by SED employees about workplace conditions.  On January 9, 2009, the county administrator held a hearing on the grievance.  Approximately 15

SED employees attended the hearing and were given an opportunity to be heard. On January 20, 2009, the county administrator issued a decision denying the grievance request and concluding that the SED would not be allowed to participate in the ERIP. In a letter to plaintiffs, the administrator explained that Cuyahoga County "is facing a very critical financial situation" and "an ERIP in the Sanitary Engineer agency would not have been a cost savings." Following the administrator's decision, none of the SED employees attempted to file an administrative appeal pursuant to R.C. 2506.01.

{¶5} On December 30, 2009, Teamsters Local Union No. 436 and union member Kevin Lesh (collectively "the union"), filed a taxpayer action against the BOCC, on behalf of all union-member SED employees, seeking injunctive and declaratory relief. Specifically, the union sought a declaration that the commissioners violated R.C. 145.297 when they authorized the ERIP for all board employees excluding the SED. In addition, the union sought an order compelling the BOCC to include the SED in the ERIP. The union sought similar relief in a  separate cause of action for declaratory judgment and in a request for a writ of mandamus in its January 7, 2010 amended complaint. In addition to denying the merits of the union's claims, the BOCC asserted that the union did not have standing to bring its taxpayer action and that it was otherwise barred from requesting equitable remedies because the SED employees had failed to exhaust their administrative remedies.

{¶6} Noting that the union had brought the present action mere days before the ERIP was due to terminate, the trial court denied the union's request for injunctive relief

and its action in mandamus, in an entry issued on January 22, 2010. However, the trial court granted the union's prayer for declaratory relief and held that the BOCC's failure to include the SED as part of the "employing unit" that was eligible for the ERIP did not comply with the definition of "employing unit" in R.C. 145.297 and that the commissioners were therefore in violation of the statute.

{¶7} The commissioners appealed to the this court, which, in a split decision, affirmed the trial court's judgment, finding (1) the union had standing to bring the taxpayer action, (2) the BOCC failed to comply with R.C. 145.297 when it designated "Cuyahoga County, excluding Sanitary Engineering" as the subordinate employing unit, and (3) the union was "not required to exhaust administrative remedies because the [SED employees] were excluded from participating in the ERIP; thus, any attempt to go through an administrative remedy process would have been futile." *State ex rel. Teamsters Local Union No. 436 v. Cuyahoga Cty. Bd. of Commrs.*, 194 Ohio App.3d 258, 2011-Ohio-820, 955 N.E.2d 1020 (8th Dist.) (*"Teamsters I"*).

{¶8} Subsequently, the Ohio Supreme Court accepted discretionary jurisdiction to hear the BOCC's appeal. *State ex rel. Teamsters Local Union No. 436 v. Bd. of County Commrs*, 132 Ohio St.3d 47, 2012-Ohio-1861, 969 N.E.2d 244 (*"Teamsters II"*). On May 1, 2012, the Ohio Supreme Court reversed this court's decision, finding (1) the union lacked standing to bring a taxpayer action because it sought a remedy solely for its own benefit, and (2) "the union and the [SED] employees" failed to exhaust their

administrative remedies by taking no further action after the county administrator denied the grievance. *Id*. at ¶ 17-24.

**{¶9}** During the pendency of *Teamster I*, appellants, a group of sanitary engineers led by plaintiff William Schneider, filed the instant case in their personal capacities on February 5, 2010. Appellants' complaint sought equitable relief, monetary damages, and a declaration that the BOCC violated R.C. 145.297 when it excluded the SED from the group of employees permitted to participate in the ERIP. The BOCC sought dismissal of the complaint because, as in *Teamsters II*, appellants failed to exhaust their administrative remedies. The trial court stayed the matter pending the resolution of *Teamsters I* and *II*. Upon issuance of *Teamsters II*, the trial court dismissed appellants' complaint pursuant to Civ.R. 12(B)(6). Appellants timely appealed the trial court's judgment.

**{¶10}** On May 9, 2013, this court reversed the trial court's judgment, finding that a Civ.R. 12(B)(6) dismissal on grounds that appellants failed to exhaust their administrative remedies was "premature" because it required the trial court to go beyond the four corners of the complaint. *Schneider v. Cuyahoga County Bd. of County Commrs*, 8th Dist. Cuyahoga No. 98936, 2013-Ohio-1900, ¶ 12. This court explained:

> Although [the language of *Teamsters II*] suggests that the Supreme Court thought it unlikely that both the union members and the other employees would be able to prove that an administrative appeal would have been a vain act, the fact remains that they were not offered the opportunity to do so.

*Id*. at ¶ 12.

**{¶11}** On remand, the BOCC filed a motion for summary judgment, arguing it was entitled to judgment as a matter of law pursuant to the Ohio Supreme Court's decision in *Teamsters II.* In July 2014, appellants filed a motion in opposition, arguing that *Teamsters II* did not resolve the remaining issues of material fact concerning the BOCC's pretextual basis for excluding the SED from participation in the ERIP. In August 2014, the trial court granted summary judgment in favor of the BOCC.

**{¶12}** Appellants appealed the trial court's judgment on September 19, 2014. On May 12, 2015, this court dismissed the appeal for lack of a final, appealable order pursuant to R.C. 2505.02, stating:

The complaint in its first demand for judgment seeks declaratory relief, but the judgment entry merely recites the formula for summary judgment and grants judgment for the defendants without making a declaration. *Klocker v. Zeiger*, 8th Dist. Cuyahoga No. 92044, 2009-Ohio-3102.

**{¶13}** On remand, the trial court granted the BOCC's motion for summary judgment for a second time, stating:

Pursuant to the remand by the Eighth District Court of Appeals, this Court's grant of defendants' motion for summary judgment stands as plaintiffs failed to exhaust their administrative remedies. As plaintiffs' continued participation in the grievance process would not have been a vain act, plaintiffs may not pursue a declaratory judgment action without exhausting the available administrative remedies. *See State ex rel. Teamsters Local Union No. 436 v. Bd. of County Commrs*, 132 Ohio St.3d 47, 2012-Ohio-1861, 969 N.E.2d 244. This order is final and appealable.

**{¶14}** Appellants now appeal from the trial court's judgment.

## II. Law and Analysis

**{¶15}** Within their six assignments of error, appellants' collectively argue the trial court committed reversible error in granting summary judgment in favor of the BOCC.

## A. Standard of Review

{¶16} An appellate court reviews a trial court's decision to grant summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). De novo review means that this court "uses the same standard that the trial court should have used, and we examine the evidence to determine if as a matter of law no genuine issues exist for trial*." Brewer v. Cleveland Bd. of Edn.*, 122 Ohio App.3d 378, 383, 701 N.E.2d 1023 (8th Dist.1997), citing *Dupler v. Mansfield Journal*, 64 Ohio St.2d 116, 119-120, 413 N.E.2d 1187 (1980). In other words, we review the trial court's decision without according the trial court any deference. *Brown v. Scioto Cty. Bd. of Commrs.*, 87 Ohio App.3d 704, 711, 622 N.E.2d 1153 (4th Dist.1993).

{¶17} Under Civ.R. 56(C), summary judgment is properly granted when (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1976). If the moving party fails to satisfy its initial burden, "the motion for summary judgment must be denied." *Dresher v. Burt*, 75 Ohio St.3d 280, 293, 662 N.E.2d 264 (1996). But if the moving party satisfies "its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." *Id.*

## B.    Exhaustion of Administrative Remedies

**{¶18}** Initially, appellants argue the trial court erred in concluding that their continued participation in the grievance process would not have been a vain or futile act. Appellants contend that an administrative appeal would have been futile because "the administrative remedy involved the very county officials that [excluded the SED from the ERIP] once plaintiffs-appellants complained of the political cronyism" in Cuyahoga County. Appellants' position relies extensively on allegations raised throughout their appellate brief that the BOCC's decision to revoke the SED's participation in the ERIP was made "in retaliation to [SED employees'] complaints about workplace conditions" and "corruption by county officials."

**{¶19}** After careful review, we find a similar futility argument was originally raised by the plaintiffs in *Teamsters I*.   At that time, this court agreed with the argument currently raised by appellants, stating:

> In this case, we find that the [union was] not required to exhaust administrative remedies because the [union was] excluded from participating in the ERIP; thus, any attempt to go through an administrative remedy process would have been futile.

*Teamsters I*, 194 Ohio App.3d 258, 2011-Ohio-820, 955 N.E.2d 1020, at ¶ 32.

**{¶20}** However, in *Teamsters II*, the Ohio Supreme Court reversed this court's decision regarding the exhaustion of administrative remedies, finding:

> Because we hold that the union did not have standing to pursue its taxpayer action, the issue of exhaustion of administrative remedies is moot as to the taxpayer action. However, to the extent that the union's complaint sought relief that was separate from the taxpayer cause of action, we examine whether the union and the Sanitary Engineering Division

employees were required to exhaust administrative remedies prior to initiating a declaratory-judgment action.

It is a "long-settled rule of judicial administration that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 50-51, 58 S.Ct. 459, 82 L.Ed. 638 (1938). Thus, a "party must exhaust the available avenues of administrative relief through administrative appeal" before seeking separate judicial intervention. *Noernberg v. Brook Park*, 63 Ohio St.2d 26, 29, 406 N.E.2d 1095 (1980). "Exhaustion is generally required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review." *Weinberger v. Salfi*, 422 U.S. 749, 765, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975). Where a party fails to exhaust available administrative remedies, allowing declaratory relief would serve "only to circumvent an adverse decision of an administrative agency and to bypass the legislative scheme." *Fairview Gen. Hosp. v. Fletcher*, 63 Ohio St.3d 146, 152, 586 N.E.2d 80 (1992).

We first look to what administrative remedies were available to the union-represented Sanitary Engineering Division employees. When a board of county commissioners adopts regulations that allow parties to request review from an administrative authority, the decision of that authority constitutes a final order that is appealable, under R.C. 2506.01, to an applicable court of common pleas. R.C. 307.56. Pursuant to R.C. 145.297(B), "[e]very retirement incentive plan shall include provisions for the timely and impartial resolution of grievances and disputes arising under the plan."

The ERIP in question complied with the above statutory requirements by providing: "Any employee determined to be ineligible to participate in this early retirement incentive plan may file a grievance * * *. Such grievances shall be heard and decided by the Cuyahoga County Administrator * * *. The decision of the Cuyahoga County Administrator shall be final." Although the ERIP was made available only to employees in an "Employing Unit" defined to exclude the Sanitary Engineering Division, the ERIP did not define "Employee" to exclude any division's employees, and thus the grievance process was made available to all employees under the board's supervision. Accordingly, the Sanitary Engineering Division employees were required to file a grievance with the administrator and to file an R.C. 2506.01 administrative appeal from the administrator's decision, in order to exhaust their administrative remedies.

Although none of the union-represented employees was named in the grievance that was filed on behalf of all of the Sanitary Engineering Division employees, some of

the union-represented employees availed themselves of the grievance process by participating in the hearing with the administrator. After the administrator issued a final order denying the grievance, none of the Sanitary Engineering Division employees filed an administrative appeal. Accordingly, the employees failed to exhaust all of their administrative remedies.

It is well settled that "[a] person entitled under R.C. Chapter 2506 to appeal [an administrative order] is not entitled to a declaratory judgment where failure to exhaust administrative remedies is asserted and maintained." *Schomaeker v. First Natl. Bank of Ottawa*, 66 Ohio St.2d 304, 421 N.E.2d 530 (1981), paragraph three of the syllabus. Under this general rule, the union was not entitled to pursue its action for declaratory judgment, because it filed the action almost one year after the final order of the administrator without first attempting a timely R.C. 2506.01 appeal from the order. However, in line with the Eighth District's holding below, the union asserts that an exception to the general rule applies and that the Sanitary Engineering Division employees were not required to exhaust their administrative remedies, because continuing to participate in the grievance process would have been futile.

It is true that parties need not pursue their administrative remedies if doing so would be futile or a vain act. *Driscoll v. Austintown Assocs.*, 42 Ohio St.2d 263, 275, 328 N.E.2d 395 (1975). However,

a "vain act" occurs when an administrative body lacks the authority to grant the relief sought; a vain act does not entail the petitioner's probability of receiving the remedy. The focus is on the *power* of the administrative body to afford the requested relief, and not on the happenstance of the relief being granted.

(Emphasis sic.) *Nemazee v. Mt. Sinai Med. Ctr.*, 56 Ohio St.3d 109, 115, 564 N.E.2d 477 (1990). Neither the decision below nor the appellees explain why it would have been impossible to obtain relief through an administrative appeal, apart from merely stating that the Sanitary Engineering Division employees were excluded from participating in the ERIP. As noted above, the board's ERIP made the grievance process available to the employees, and union-represented employees were given an opportunity to be heard during the grievance hearing. Nothing would have prevented the union from attacking the validity of the ERIP in an administrative appeal. Therefore, we hold that the Sanitary Engineering Division employees' continued participation in the grievance process would not have been a vain act, and we reverse the Eighth District's decision allowing the union to pursue the declaratory-judgment action without exhausting the available administrative remedies.

*Teamsters II*, 132 Ohio St.3d 47, 2012-Ohio-1861, 969 N.E.2d 244, at ¶ 18-24.

**{¶21}** In this case, the non-union employees who filed and signed the grievance referred to in *Teamsters II* are the appellants in this appeal. As the Ohio Supreme Court stated in its opinion, no SED employee, whether union or non-union, sought further review after receiving an adverse decision on their grievance. In our view, this fact is dispositive.

**{¶22}** While we recognize that the non-union members of the SED were not parties in the *Teamsters* case, the Ohio Supreme Court's holding applies equally to all employees of the SED. In short, the original grievance was filed and argued on behalf of all SED employees, including appellants, and those SED employees failed to exhaust their administrative remedies by not filing an administrative appeal pursuant to R.C. 2506.01 after the grievance was denied. Moreover, analogous to the holding in *Teamsters II*, beyond appellants' contention that their appeal was unlikely to be successful, there is nothing in the record to suggest appellants "would have [been] prevented * * * from attacking the validity of the ERIP in an administrative appeal." *See Teamsters II* at ¶ 24. As stated, arguments concerning the probability of success on appeal is not an appropriate basis for a finding of futility. *Id*.

**{¶23}** In addition, we find no merit to appellants' contention that the available administrative remedy in this case "involved the very county officials that [excluded the SED from the ERIP] when they learned plaintiffs-appellants complained of the political cronyism" in Cuyahoga County. As articulated in *Teamsters II*, the decision of the county administrator constituted a final order that was appealable, under R.C. 2506.01, to

the applicable court of common pleas. Thus, appellants "continued participation in the grievance process" would have involved an appeal to the fair and impartial Cuyahoga County Court of Common Pleas.

{¶24} Based on the foregoing, we find appellants have not presented issues of material fact concerning whether their continued participation in the grievance process would have been a vain or futile act. Despite this court's position regarding the exhaustion of administrative remedies, as reflected in this court's holding in *Teamsters I*, 194 Ohio App.3d 258, 2011-Ohio-820, 955 N.E.2d 1020 (8th Dist.), at ¶ 32, we are bound to follow the precedent of the Ohio Supreme Court. Accordingly, the trial court did not err in granting summary judgment in favor of the BOCC. *See Schomaeker*, 66 Ohio St. 2d 304, 421 N.E.2d 530, at paragraph three of the syllabus (It is well settled that "[a] person entitled under R.C. Chapter 2506 to appeal [an administrative order] is not entitled to a declaratory judgment where failure to exhaust administrative remedies is asserted and maintained.").

{¶25} Appellants' first assignment of error is overruled. Based on our resolution of appellant's first assignment of error, the remaining assignments of error are moot. *See* App.R. 12(A)(1)(c).

{¶26} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

EILEEN T. GALLAGHER, JUDGE

PATRICIA ANN BLACKMON, J., CONCURS;
MARY EILEEN KILBANE, P.J., CONCURS (WITH SEPARATE OPINION ATTACHED)
MARY EILEEN KILBANE, P.J., CONCURRING WITH SEPARATE OPINION:

**{¶27}** I concur in the judgment, but I write separately to recapitulate this court's holding in *Teamsters I*. Appellants maintain that the ERIP was offered to them in October 2008 and then later modified in November 2009 to solely exclude senior SED employees. While we are bound to follow the precedent of the Ohio Supreme Court, I would find that appellants had a viable cause of action had the appellants properly exhausted their administrative remedies.