[Cite as *Colerain Twp. Bd. of Trustees v. Bench Billboard Co.*, 2020-Ohio-4684.]
# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


COLERAIN TOWNSHIP BOARD OF TRUSTEES, :        APPEAL NO. C-190585

                                            TRIAL NO. A-1500720
:
     Plaintiff-Appellee,                                *O P I N I O N.*
:

   vs.
:

BENCH BILLBOARD COMPANY,
:
     Defendant-Appellant.          :


Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  September 30, 2020


*Schroeder, Maundrell, Barbiere & Powers* and *Scott A. Sollmann*, for Plaintiff-Appellant*,*

*Holzapfel Law, LLC*, and *Eric C. Holzapfel*, for Defendant-Appellant.

**MOCK, Presiding Judge.**

{¶1} The trial court properly enjoined defendant-appellant Bench Billboard Company ("BBC") from the continued use of bench billboards ("benches") in public rights-of-way in the township. The trial court also properly ruled in favor of plaintiff-appellee Colerain Township Board of Trustees on BBC's counterclaims. For the reasons set forth below, we affirm the judgment of the trial court.

### The History of Benches
### in Colerain Township

{¶2} The issue of benches in Colerain Township is a long and storied one. BBC has maintained benches in Colerain both on private property and in the public right-of-way for decades. Township representatives had been complaining to Hamilton County leadership about the benches as early as 1993. In 1994, BBC was warned by the Ohio Department of Transportation that some of its benches were in the right-of-way and needed to be removed. The company was cited by the Hamilton County Rural Zoning Commission because, among other infractions, 21 of its benches violated county zoning regulations in Colerain. BBC filed administrative appeals of those zoning violations in October 1994, and then filed a separate lawsuit seeking declaratory and injunctive relief that November. Prior to that lawsuit being filed, Colerain enacted its own comprehensive zoning plan, which was approved in November 1994. The zoning regulations included a prohibition of benches in the township but allowed pre-existing benches to remain if the owner obtained a certificate of nonconforming use from the township. In March 1995, Colerain issued notices to BBC of zoning violations relating to the benches, which BBC did not appeal, nor did it seek certificates of nonconforming use. The 1994 suit with the

county was eventually settled, but the entries concluding the litigation expressly excluded signs located in Colerain.

{¶3} After the lawsuit concluded, counsel for BBC continued to negotiate with Colerain in an attempt to resolve the issue, conceding in correspondence that the benches in the township were not included in the resolution of the county litigation. In September 2014, Colerain sent a second round of notices of violations to BBC, which BBC did not appeal administratively. In October 2014, Colerain adopted Zoning Resolution 63-14, which declared all benches existing within the public right-of-way to be a public nuisance.

{¶4} In February 2015, the township commenced the instant litigation seeking a declaration the benches listed in the complaint were in the right-of-way within its jurisdiction, an injunction forcing the removal of the benches, and the imposition of fines for each violation. The complaint set forth the nine locations. In its answer to the complaint, BBC denied the allegations and asserted counterclaims for conversion and tortious interference, and sought declaratory judgment declaring that (1) its benches are legal, prior nonconforming uses, (2) Colerain Township's Resolution 63-14 is in conflict with R.C. 519.20, and the resolution is unconstitutional.

{¶5} The trial court granted Colerain's motion for summary judgment as to the request for injunctive relief but declined to impose fines for the violations. The trial court limited its holding to five specific addresses that had been determined to be in the public right-of-way by expert testimony. The trial court also determined that BBC could not seek declaratory or injunctive relief because it had failed to exhaust its administrative remedies. The court further dismissed the conversion and tortious-interference claims on the basis of the township's immunity from claims of

3

intentional misconduct, and the manner in which it had removed some of the benches was part of its governmental function for which immunity also applied. BBC appealed raising five assignments of error.

**Colerain's Request for Injunctive Relief**

{¶6}     In its first assignment of error, BBC argues that the trial court improperly granted Colerain's request for injunctive relief.  Ordinarily, a party requesting a preliminary injunction must show that (1) there is a substantial likelihood that the plaintiff will prevail on the merits, (2) the plaintiff will suffer irreparable injury if the injunction is not granted, (3) no third parties will be unjustifiably harmed if the injunction is granted, and (4) the public interest will be served by the injunction. *Proctor & Gamble Co. v. Stoneham*, 140 Ohio App.3d 260, 267, 747 N.E.2d 268 (1st Dist. 2000).  However, "[i]t is established law in Ohio that, when a statute grants a specific injunctive remedy to an individual or to the state, the party requesting the injunction 'need not aver and show, as under ordinary rules in equity, that great or irreparable injury is about to be done for which he has no adequate remedy at law * * *.' " *Scioto Twp. Zoning Inspector v. Puckett*, 2015-Ohio-1444, 31 N.E.3d 1254, ¶ 28 (4th Dist.2015), citing *Ackerman v. Tri-City Geriatric & Health Care, Inc.*, 55 Ohio St.2d 51, 56, 378 N.E.2d 145 (1978), quoting *Stephan v. Daniels*, 27 Ohio St. 527, 536 (1875). "Therefore, statutory injunctions should issue if the statutory requirements are fulfilled." *Puckett* at ¶ 28, quoting *Columbus Steel Castings Co. v. King Tool Co.*, 10th Dist. Franklin Nos. 11AP-351 and 11AP-355, 2011-Ohio-6826, ¶ 66.

{¶7}     BBC makes two arguments under this assignment of error.  It first claims that the benches were legal, nonconforming uses.  A nonconforming use is a use which is prohibited or restricted under the zoning ordinance, but was a lawful

use existing before and/or on the effective date of the zoning ordinance. *Montgomery v. City of Middletown*, 12th Dist. Butler No. 82-11-0112, 1983 WL 6608, *2 (Dec. 12, 1983), citing *Pschesang v. Terrace Park*, 5 Ohio St.3d 47, 448 N.E.2d 1164 (1983), and *Akron v. Chapman*, 160 Ohio St. 382, 116 N.E.2d 697 (1953).

{¶8}   This argument fails for two reasons.  First, BCC never sought or received certificates of nonconforming use for the benches in the public right-of-way. Absent receiving those certificates, the only claim of a right to a nonconforming use would have to be rooted in ownership of the land on which the use was being continued.  *See Chapman* at 388.  Without a certificate of nonconforming use, BBC would have to have an ownership interest in the land on which the benches were placed.  "The right to continue a nonconforming property use is a vested property right * * * [it] is not a personal right but one that runs with the land."  *Bench Billboard Co. v. City of Covington, Ky.*, 465 Fed.Appx. 395, 411 (6th Cir.2012).

{¶9}   Second, BBC suggests that Colerain had no proof that the benches were a public nuisance.  But Colerain provided testimony from various sources that the benches in this case are sources of litter, including discarded drug paraphernalia, that homeless sleep on them and then loiter in nearby businesses during the day, and that the benches are a distraction to drivers.  We overrule BBC's first assignment of error.

## Failure to Exhaust Administrative Remedies

{¶10}   In its second assignment of error, BBC claims that the trial court improperly concluded that its counterclaims for declaratory and/or injunctive relief were barred by its failure to exhaust its administrative appeal rights.  BBC cites no caselaw in support of this assignment of error but makes a few general assertions.

{¶11} First, BBC claims that the administrative appeal was "optional" because the language of the ordinance states that "a decision of the Zoning Administrator *may* be appealed to the Board of Zoning Appeals." Obviously, BBC was not required to file an appeal of the administrative decision—unless it wanted to challenge that determination. The Ohio Supreme Court has held that when an "affirmative defense of failure to exhaust administrative remedies is applicable and has been timely raised and maintained, a court will deny declaratory and injunctive relief." *Clagg v. Baycliffs Corp.*, 82 Ohio St.3d 277, 281, 695 N.E.2d 728 (1998), citing *Haught v. Dayton*, 34 Ohio St.2d 32, 35-36, 295 N.E.2d 404 (1973). Furthermore, it is well settled that "[a] person entitled under R.C. Chapter 2506 to appeal [an administrative order] is not entitled to a declaratory judgment where failure to exhaust administrative remedies is asserted and maintained." *Schneider v. Cuyahoga Cty. Bd. of Cty. Commrs.*, 2017-Ohio-1278, 88 N.E.3d 567, ¶ 20 (8th Dist.), quoting *Schomaeker v. First Natl. Bank of Ottawa*, 66 Ohio St.2d 304, 421 N.E.2d 530 (1981), paragraph three of the syllabus. The administrative appeal was not optional, it was required by statute.

{¶12} Second, BBC argues that an appeal would have been fruitless because the appeal could not have addressed its statutory or constitutional challenges to the zoning decisions. But these issues are addressed elsewhere by the trial court and were not subject to its decision that the claims were barred by the failure to appeal administratively.

{¶13} Finally, BBC asserts that the trial court improperly determined that this failure to exhaust administrative remedies prevented its counterclaims related to the benches on private property in Colerain. While the trial court should have addressed the benches on private property separately, and the record does not

support the denial of that portion of the claim for declaratory relief on the basis of the failure to exhaust administrative remedies, the trial court still properly dismissed the claim.

{¶14}  A reviewing court is not authorized to reverse a correct judgment merely because erroneous reasons were assigned as a basis thereof. *Cook v. Cincinnati*, 103 Ohio App.3d 80, 90, 658 N.E.2d 814, 820 (1st Dist.1995), citing *State ex rel. Carter v. Schotten*, 70 Ohio St.3d 89, 92, 637 N.E.2d 306 (1994).  Thus, "when a trial court has stated an erroneous basis for its judgment, an appellate court *must* affirm the judgment if it is legally correct on other grounds, that is, it achieves the right result for the wrong reason, because such an error is not prejudicial." (Emphasis added.) *Widlar v. MatchMaker Internatl.*, 6th Dist. Lucas No. L-01-1433, 2002-Ohio-2836, ¶ 18.

{¶15}  As with the benches in the public right-of-way, BBC failed to get certificates of nonconforming use for any of the benches in Colerain Township.  BBC argues that the agreed entry issued in the 1994 litigation was a blanket statement that all benches were grandfathered in.  This is inaccurate.  The benches in Colerain Township were expressly excluded from the resolution of that litigation—a fact conceded by counsel for BBC in subsequent negotiations with Colerain.  Without a certificate of nonconforming use, BBC would have to have an ownership interest in the land on which the benches were placed, which it did not have.  So, while the trial court misapplied the exhaustion requirement as it related to benches on private property, a reviewing court is not authorized to reverse a correct judgment merely because erroneous reasons were assigned as a basis thereof.

{¶16}  For the reasons set forth above, we overrule BBC's second assignment of error.

**The Trial Court Properly Denied**
**BBC's First Amendment Claims**

{¶17} In its third assignment of error, BBC claims that Colerain's restrictions on benches violated its First Amendment rights. This court addressed the question of benches and the First Amendment in *Bench Billboard Co. v. Cincinnati*, 2016-Ohio-1040, 62 N.E.2d 603 (1st Dist.). In that case, the court said:

In *Bench Billboard Co. v. Covington*, 465 Fed.Appx. 395, 406 (6th Cir.2012), the Sixth Circuit rejected a First Amendment claim brought by BBC against the city of Covington, which was similar to the First Amendment claim BBC asserts in this case. The Sixth Circuit held that because Covington had a substantial interest in maintaining the right-of-way, its ordinance banning sidewalk benches in the right-of-way was directly related to the purpose of the ordinance, and because BBC and its customers remained free to advertise their causes by other means, BBC's First Amendment rights were not violated. *Id.* at 406-407. Similarly, in *Bench Signs Unlimited, Inc. v. Lake Twp. Bd. of Zoning Appeals*, 149 Ohio App.3d 462, 2002-Ohio-5436, 777 N.E.2d 912 (5th Dist.), the Fifth Appellate District rejected a First Amendment challenge by a bench-advertising company to zoning citations for its placement of bench-advertising signs in the right-of-way where the restrictions on the commercial-advertising-bench signs advanced the township's interest in traffic safety and aesthetics. *See Genesis Outdoor, Inc. v. Village of Cuyahoga Hts.*, 8th Dist. Cuyahoga No. 79781, 2002-Ohio-2141, 2002 WL 962959, ¶ 24–29 (holding that an outdoor-advertising company's First Amendment rights were not violated by a village ordinance limiting the number of billboards and

8

restricting their placement to one side of the freeway, because the village had a substantial interest in reducing visual clutter and reducing traffic accidents).

*Id.* at ¶ 21.

{¶18}   BBC's claims fail as they relate to signs on private property as well. "As the constitutional right of the individual to use private property has always been subservient to the public welfare under Section 19, Article I of the Ohio Constitution, such use is subject to the legitimate exercise of local police power pursuant to Sections 3 and 7, Article XVIII of the Ohio Constitution."   *Northern Ohio Sign Contrs. Assn. v. City of Lakewood*, 32 Ohio St.3d 316, 318, 513 N.E.2d 324 (1987), citing *Hudson v. Albrecht, Inc.*, 9 Ohio St.3d 69, 72, 458 N.E.2d 852 (1984); *Pritz v. Messer*, 112 Ohio St. 628, 149 N.E. 30 (1925), paragraph one of the syllabus. Regulations passed under such authority will be valid if they bear a real and substantial relationship to the health, safety, morals, or general welfare of the public and if it is not unreasonable or arbitrary. *Id.*

{¶19}   In this case, Colerain presented ample testimony that benches along the roadway, whether in the public right-of-way or inches outside of it on private property create health and safety issues, run contrary to an aesthetic that Colerain has an interest in cultivating along its business corridor, and create significant issues for traffic.  We overrule BBC's third assignment of error.

### Colerain Was Entitled to Immunity
### for Remaining Claims

{¶20}   In its fifth assignment of error, BBC claims that the trial court erred when determining that Colerain was entitled to immunity for damage caused when it removed, damaged, or destroyed BBC's benches "lawfully located on private and

public property." BBC's sole argument in this regard is that such conduct does not "meet the definition of a governmental function" and that immunity does not apply when the conduct occurs on private property. We disagree.

{¶21} Determining whether a political subdivision is immune from liability requires a three-part analysis. *Elston v. Howland Local Schools*, 113 Ohio St.3d 314, 2007-Ohio-2070, 865 N.E.2d 845; *R.K. v. Little Miami Golf Ctr.*, 2013-Ohio-4939, 1 N.E.3d 833, ¶ 8 (1st Dist.). In the first tier, political subdivisions receive a general grant of immunity in a civil action for damages allegedly caused by any act or omission of a political subdivision or employee in connection with a governmental or proprietary function. *See* R.C. 2744.02(A)(1). The second tier provides certain exceptions to the general grant of immunity. *See* R.C. 2744.02(B). If one of the exceptions in R.C. 2744.02(B) applies, the third tier provides for reinstatement of immunity if the political subdivision can show that one of the defenses contained in R.C. 2744.03 applies. *Elston* at ¶ 12.

{¶22} A government function is defined as:

(a) A function that is imposed upon the state as an obligation of sovereignty and that is performed by a political subdivision voluntarily or pursuant to legislative requirement;

(b) A function that is for the common good of all citizens of the state;

(c) A function that promotes or preserves the public peace, health, safety, or welfare; that involves activities that are not engaged in or not customarily engaged in by nongovernmental persons; and that is not specified in division (G)(2) of this section as a proprietary function.

R.C. 2711.01(C)(1)(a)-(c). The enforcement of zoning ordinances is a governmental function. *See City of Westerville v. Kuehnert*, 50 Ohio App.3d 77, 83, 553 N.E.2d

1085 (10th Dist.1988). For purposes of determining whether the enforcement of zoning ordinances is entitled to immunity, the fact that enforcement occurs on private property is not relevant, and BBC has cited no authority contra. The demolition of the structures on private property to abate a nuisance is a governmental function for which immunity is conferred upon the township by R.C. 2744.02(A)(1). *See City of Cleveland v. Wescon Const. Corp.*, 8th Dist. Cuyahoga No. 57405, 1990 WL 121301, *2 (Aug. 23, 1990). We overrule BBC's fifth assignment of error.

### Summary Judgment was Proper

{¶23}   In its fourth assignment of error, BBC claims that the trial court erred when it granted summary judgment in favor of Colerain as to Colerain's claims and as to BBC's counterclaims. The arguments made within this assignment of error have been addressed and rejected in the analysis of the other four assignments of error above. We overrule BBC's fourth assignment of error.

### Conclusion

{¶24}   Having considered all five of BBC's assignments of error and overruled each, we affirm the judgment of the trial court.

Judgment affirmed.

**BERGERON** and **WINKLER, JJ.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.