[Cite as *Colerain Twp. Bd. of Trustees v. Bench Billboard Co.*, 2022-Ohio-923.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| COLERAIN TOWNSHIP BOARD OF TRUSTEES, | : | APPEAL NO. C-210342 TRIAL NO. A-1500720 |
| | : | |
| Plaintiff-Appellee, | | |
| | : | *O P I N I O N.* |
| vs. | : | |
| | : | |
| BENCH BILLBOARD COMPANY, | | |
| | : | |
| Defendant-Appellant. | | |
| | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: March 25, 2022

*Schroeder, Maundrell, Barbiere & Powers* and *Scott A. Sollman,* for Plaintiff-Appellee,

*Holzapfel Law, LLC,* and *Eric C. Holzapfel,* for Defendant-Appellant.

**BERGERON, Presiding Judge.**

{¶1}   The parties in this appeal have been at odds for nearly 30 years over advertising bench billboards located in Colerain Township.  In the latest chapter of their feud, the trial court imposed civil penalties and attorney fees against defendant-appellant Bench Billboard Company ("BBC") for bench billboards it found to be in violation of Colerain Township Zoning Resolution 63-14 ("Zoning Resolution 63-14").  But because we are unable to determine the billboards for which it awarded penalties, we are constrained to vacate the penalties and fees and to remand this cause for further proceedings before the trial court.

I.

{¶2}   In 2014, plaintiff-appellee Colerain Township Board of Trustees ("Colerain") enacted Zoning Resolution 63-14, declaring all bench billboards located in public right-of-ways in the township to be a nuisance and imposing civil fines for violation of the Zoning Resolution pursuant to R.C. 504.05.  Colerain notified BBC, which has maintained benches on both private and public property in Colerain Township since the 1960s, of the new zoning regulation and requested that BBC remove its bench billboards located within the public right-of-ways.  When BBC allegedly failed to do so, Colerain filed for injunctive relief and civil penalties, insisting that certain BBC bench billboards constituted a nuisance pursuant to the newly-enacted Zoning Resolution 63-14.  Colerain's complaint sought: (1) a declaration that the billboards located at 9681, 9189, 8389, 6303, 9860, 9490, 8760, 8340, and 7044 Colerain Avenue were nuisances in violation of Zoning Resolution 63-14, (2) an injunction forcing the removal of those billboards and enjoining BBC from violating Zoning Resolution 63-14, and (3) money damages for each violation.

2

BBC filed a counterclaim seeking monetary and injunctive relief on a number of causes of action, among them a request for a declaratory judgment stating that all of BBC's benches on both public and private property were legal, prior nonconforming uses.

{¶3}   The trial court granted Colerain's motion for summary judgment as to injunctive relief for benches located at 9860, 9189, 8770, 8340, and 7044 Colerain Avenue, finding those locations to be in violation of Zoning Resolution 63-14, but declined to impose fines on the condition that BBC correct the zoning violations in a timely fashion.   The trial court did not, however, enjoin BBC from maintaining benches at the other locations listed in Colerain's complaint.   The court also found that BBC could not prevail on its claims for declaratory or injunctive relief because it failed to exhaust its administrative remedies.   A short while later, Colerain moved to enforce the judgment and requested a hearing to award civil penalties, alleging that BBC billboards "continue to exist in within the right-of-way of Colerain Township in violation of Township Resolution 63-14 and § 519.24."   The trial court stayed any enforcement of its judgment entry pending appeal.

{¶4}   On appeal, this court held that the trial court properly enjoined BBC from the continued use of bench billboards in public right-of-ways that violated Zoning Resolution 63-14, and that the trial court properly ruled against all of BBC's counterclaims.   *Colerain Twp. Bd. of Trustees v. Bench Billboard Co.*, 1st Dist. Hamilton No. C-190585, 2020-Ohio-4684, ¶ 1 (hereinafter "Colerain I").   We affirmed the trial court's dismissal of BBC's counterclaim for a declaratory judgment, albeit for different reasons than the trial court, because BBC failed to obtain certificates of nonconforming use for any of its benches as required by Colerain's first

3

zoning plan enacted in 1994. *Id.* at ¶ 2, 13-15. In response to our opinion, Colerain renewed its motion to enforce the decision in the trial court. This motion expanded the scope of the earlier motion, asking the court to impose fines and allow Colerain to remove bench billboards "which continue to exist within the right-of-way of Colerain Township and/or on private property (not owned by BBC) within Colerain Township in violation of Township Resolution 63-14, § 519.24, and/or the Township's Zoning Resolution." The trial court granted Colerain's renewed motion and set a hearing date to determine civil penalties.

{¶5} At the hearing to determine penalties, Colerain introduced photographic evidence of 14 locations where BBC continued to maintain bench billboards in the township—none of which (as best we can tell from the record) were included in Colerain's complaint or the trial court's entry granting summary judgment. Ultimately, the trial court awarded Colerain a total of $17,102 in fines and attorney fees, premised on penalties imposed on ten benches. BBC now appeals, presenting three assignments of error. In its third assignment of error, BBC argues that the trial court abused its discretion by imposing civil fines, penalties, and attorney fees without sufficient evidentiary support. We address this assignment of error first because it is dispositive.

II.

{¶6} We review the imposition of civil fines and penalties for an abuse of discretion. *State ex rel. DeWine v. Mass Realty, LLC*, 197 Ohio App.3d 653, 2012-Ohio-146, 968 N.E.2d 558, ¶ 24 (1st Dist.). The common understanding of abuse of discretion recognizes that when a court has discretionary authority over a matter, it lacks the power to exercise that judgment in an unwarranted way. *Johnson v.*

4

*Abdullah*, Slip Opinion No. 2021-Ohio-3304, ¶ 35. However, " '[n]o court—not a trial court, not an appellate court, nor even a supreme court—has the authority, within its discretion, to commit an error of law.' " *Id.* at ¶ 38, quoting *State v. Boles*, 187 Ohio App.3d 345, 2010-Ohio-278, 932 N.E.2d 245, ¶ 26 (2d Dist.). "[C]ourts lack the discretion to make errors of law, particularly when the trial court's decision goes against the plain language of a statute or rule." *Id.* at ¶ 39.

{¶7} Turning to Colerain's complaint, the trial court properly had before it the question of whether BBC benches located at nine addresses violated Zoning Resolution 63-14. Zoning Resolution 63-14, titled "Resolution Declaring a Nuisance for Bench Billboards Located Within Township Right-of-Ways," addresses nonconforming bench billboards located on public right-of-ways. The resolution declared bench billboard locations within the public right-of-ways to be a nuisance, provided that no bench billboard be located in a public right-of-way after January 1, 2015, and set out the fines and penalties for violations after that time. What the resolution did not do, however, is address bench billboards located on private property or bench billboards in violation of different parts of Colerain's zoning code. And neither did Colerain raise those additional issues in its complaint.

{¶8} Colerain pointedly sought relief for "the specific billboards" listed in the complaint as violating Zoning Resolution 63-14. The complaint recited the addresses at which Colerain believed the violations were occurring and included a picture of each alleged offensive bench location. Colerain's first claim for relief petitioned the trial court for civil fines pursuant to Zoning Resolution 63-14 and R.C. 504.05, and its second asked for injunctive relief pursuant to R.C. 519.24 compelling BBC to remove its billboards from the public right-of-ways. In short, the only issue

submitted to the trial court by Colerain was whether the bench billboards at nine particular addresses on Colerain Avenue violated Zoning Resolution 63-14.

{¶9} While trial courts should review all evidence when deciding a motion for summary judgment, "that requirement must necessarily be tempered by the prohibition against considering issues outside the scope of the motion, and certainly any issues beyond the scope of the complaint." *City of Wooster v. Enviro-Tank Clean, Inc.*, 9th Dist. Wayne No. 13CA0012, 2015-Ohio-1876, ¶ 10. When making its summary judgment decision, the trial court relied on an affidavit from Stephen Roat, an expert witness surveyor hired by Colerain. Mr. Roat utilized construction drawings, right-of-way plans from the Ohio Department of Transportation, aerial photography, and actual field measurements to determine that six out of the eight locations he surveyed in Colerain Township included bench billboards situated in the public right-of-ways. In the end, after considering all of the evidence submitted, the court enjoined BBC from maintaining billboards at 9860, 9189, 8770, 8340, and 7044 Colerain Avenue because they violated Zoning Resolution 63-14 by encroaching on the public right-of-ways. Mr. Roat distinguished the other two locations as having benches outside the right-of-way, and the court declined to grant relief as to those locations because it found no violation of Zoning Resolution 63-14.

{¶10} In contrast, at the hearing to determine civil penalties, Colerain presented no evidence of any violations of Zoning Resolution 63-14. Chris Cavallaro, Colerain's code enforcement officer, testified that he toured Colerain Township the day before the hearing and photographed 20 individual BBC bench billboards at 14 different locations. Mr. Cavallaro found the benches by looking at a list provided to Colerain by BBC in 2017 or 2018, a list Mr. Cavallaro conceded was devoid of the

6

benches identified by the trial court in its summary judgment decision. Mr. Cavallaro performed no mapping, surveying, or field measurements to confirm whether the benches he photographed sat on public or private property. The best Mr. Cavallaro could do was look at his photos and hazard a guess, based on things like utility lines and Metro bus stop signs, as to whether the benches were on a right-of-way. In short, the evidence marshalled at the hearing (particularly when juxtaposed with the testimony of Mr. Roat) could not have substantiated any violation of Zoning Resolution 63-14.

{¶11} Notably, none of those 20 benches or 14 locations submitted into evidence appeared to be part of the underlying litigation or final judgment. Therefore, even if those benches were on public right-of-ways and violated Zoning Resolution 63-14, they were not part of the injunctive relief sought by or granted to Colerain. And Colerain was before the court on a motion to "enforce" a final judgment—not a motion to amend the complaint or otherwise broaden the scope of the case. The trial court awarded civil penalties for ten benches it found to be in violation of resolution 63-14, without specifying the location of the benches. "Thus, to the extent that the trial court granted [civil fines and attorney fees for benches or locations] outside the scope of enforcing its judgment, we find that the trial court lacked jurisdiction to do so and therefore abused its discretion." *2115-2121 Ontario Bldg., L.L.C. v. Anter*, 8th Dist. Cuyahoga No. 98627, 2013-Ohio-2995, ¶ 24. It remains unclear to us how many benches existed at the five locations subject to the trial court's order, so it remains possible that more than five benches existed there and could have been subject to penalties.

7

{¶12} Finally, consistent with the framing of the complaint, the trial court limited its penalty order to violations of Zoning Resolution 63-14. That is the only pertinent provision cited by the trial court as the basis for its penalties, and we agree with BBC that the trial court was confined to grant relief only under that provision as the matter was presented to it on the record at hand. Absent the type of proof provided in support of Colerain's motion for summary judgment via Mr. Roat, we have no way of knowing if the benches referenced in the evidence at the hearing are in fact on the public right-of-way, a necessary predicate to awarding civil penalties for violations of Zoning Resolution 63-14.

{¶13} Any reliance on this court's *Colerain I* opinion for fines imposed outside the injunctive relief granted is misplaced. Our review was limited to the record before the trial court, and "we sustain or overrule only assignments of error and not mere arguments." *Saylor v. Saylor*, 1st Dist. Hamilton No. C-190463, 2020-Ohio-3647, ¶ 29. We overruled BBC's first assignment of error and affirmed the trial court's enjoinment of billboards at five locations in the public right-of-way and in violation of Zoning Resolution 63-14. BBC argued the benches were legal, nonconforming uses, but we disagreed because BBC did not own the land and never sought or received the necessary certificates of nonconforming use. In its second assignment of error, BBC challenged the trial court's dismissal of its counterclaim seeking a declaratory judgment that all BBC benches were legal, nonconforming uses. We overruled that assignment of error as well because "[a]s with the benches in the public right-of-way, BBC failed to get certificates of nonconforming use for any of the benches in Colerain Township." *Colerain I*, 1st Dist. Hamilton No. C-190585, 2020-Ohio-4684, at ¶ 15. But these issues are distinct, and we had no occasion to

sustain or overrule any argument that BBC's wrongful nonconforming property use violated Zoning Resolution 63-14, except with respect to the five bench locations identified in the summary judgment order. The failure of BBC's counterclaim may, or may not, create other problems for it, but it is not the same thing as an adjudication of a violation of a specific zoning regulation.

{¶14} Accordingly, we sustain BBC's third assignment of error in the present appeal. The trial court granted relief specific to five addresses in violation of Zoning Resolution 63-14, and any fines or fees should be limited to benches at those five locations. As the record stands, it is impossible for us to discern if the penalty award was limited in such a manner (because we do not know which bench locations triggered the penalties), and we accordingly vacate the penalties and fees awarded. On remand, the trial court should recalculate any fines and fees that it, in its discretion, elects to impose on benches that are in violation of Zoning Resolution 63-14 and located at the five addresses for which it granted summary judgment.

{¶15} In its second assignment of error, BBC asserts the trial court erred by ruling that BBC's advertising benches are not "structures" as defined in the Colerain zoning code, and by ruling that Colerain had no duty to respond to BBC's application for the certificates of nonconforming use until BBC submitted the required application fee. Both of these contentions relate to offhand remarks made by the trial court during the hearing to determine penalties. BBC did not present these issues before the trial court during the litigation leading up to the decision on summary judgment, but merely mentioned them during the hearing on penalties. Because the trial court did not decide these questions or issue any final rulings regarding either of these issues, we have no occasion to review such matters on

9

appeal. Accordingly, we overrule BBC's second assignment of error. Finally, in light of our disposition of the third assignment of error, we decline to address BBC's first error of assignment (raising manifest weight claims as to the penalties) as moot.

\* \* \*

{¶16} In light of the foregoing analysis, we decline to address BBC's first assignment of error as moot, overrule BBC's second assignment of error, and sustain BBC's third assignment of error. We vacate the penalties and fees awarded and remand the cause to the trial court for a recalculation of penalties and fees consistent with this opinion.

Judgment accordingly.

**WINKLER** and **BOCK, JJ.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion